**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 04 2014, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS DANIELS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1310-CR-517 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Thomas Murto, Magistrate
Cause No. 20C01-1210-CM-1823

**June 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

Dennis Daniels was charged in Goshen City Court with criminal recklessness, a Class A misdemeanor. Daniels requested a jury trial, and the case was transferred to Elkhart Circuit Court. Ten months later, the Circuit Court held a bench trial and found Daniels guilty. Daniels now appeals his conviction, raising one issue for our review: whether it was fundamental error for Circuit Court to conduct a bench trial. Concluding the trial court did not err because Daniels waived his right to a jury trial by his acquiescence, we affirm his conviction.

Facts and Procedural History

Following an on-road altercation with another driver, Daniels was charged in City Court with criminal recklessness. On two occasions, City Court provided Daniels a "Misdemeanor Rights" form which Daniels signed, acknowledging that he had read and understood it. The form explained, in part, that he has the right "[t]o a public and speedy trial by jury or by the bench. The request for a jury trial must be in writing and must be filed with the Court no later than ten (10) days before the scheduled trial date." Appellant's Appendix at 8 (dated August 27, 2012) and 11 (dated September 17, 2012). A bench trial was set for November 29, 2012. On October 10, 2012, Daniels moved for a jury trial. The motion was granted, and the case was transferred and filed in Circuit Court on October 31, 2012.

At a status conference in Circuit Court on March 28, 2013, Daniels's case was set for a bench trial on May 14, 2013. The Circuit Court Chronological Case Summary ("CCS") shows that Daniels was present at that conference and "acknowledges trial date in person." Id. at 64. On May 10, 2013, the State filed a written motion captioned

"State's Motion to Continue Bench Trial" seeking to "continue the bench trial scheduled before this Court on May 14, 2013." Id. at 32. The May 14 trial was continued, and a status conference set for May 30, 2014. The CCS shows Daniels appeared in person and by counsel at that status conference, at which time the "[c]ause set for bench trial Au. 6, 2013 . . . . [Daniels] acknowledges trial date in person . . . ." Id. at 64. The bench trial was held on August 6, 2013 as scheduled, at the conclusion of which the trial court found Daniels guilty as charged. Daniels did not object at any time to the case being tried to the bench. He now appeals his conviction, claiming he was denied his right to a trial by jury.

Discussion and Decision

I. Standard of Review

Both the United States and Indiana Constitutions guarantee the right to a jury trial. See U.S. Const. amend. VI; Ind. Const. art. 1, § 13. In misdemeanor cases, the procedure for asserting the right to a jury trial is governed by Indiana Criminal Rule 22:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had a least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

A defendant charged with a misdemeanor can therefore waive his right to a jury trial by inaction. Duncan v. State, 975 N.E.2d 838, 842 (Ind. Ct. App. 2012). It is nonetheless fundamental error to deny a defendant a jury trial unless he has made a knowing, voluntary, and intelligent waiver of that right. Gonzalez v. State, 757 N.E.2d 202, 205 (Ind. Ct. App. 2001), trans. denied. "A voluntary waiver occurs if the conduct constituting the waiver is the product of a free will; a knowing waiver is the product of an

3

informed will; an intelligent waiver is the product of a will that has the capacity to understand . . . ." Duncan, 975 N.E.2d at 842-43 (citation omitted). Further, the waiver must be personal; in a misdemeanor case, a personal waiver "can be inferred where the defendant fails to assert the right to a jury trial and there is evidence that the waiver is knowing, voluntary, and intelligent." Id. at 843. We consider the entire record to determine whether a defendant has made such a waiver. Id. at 842.

## II. Jury Request

Daniels contends he was denied his fundamental right to a jury trial when the trial court held a bench trial despite his earlier written request for a jury trial. The State first responds that Daniels's jury trial assertion in City Court does not carry over to Circuit Court and he should have reasserted that right once the case was transferred. Nonetheless, the State also argues that even if the jury demand carries over such that the trial court should have held a jury trial, Daniels invited any error in its failure to do so.

We cannot agree with the State that the jury demand does not carry over. It appears that Daniels's case was transferred out of City Court because of his jury request. The City Court Chronological Case Summary shows that on October 10, 2012, Daniels filed a motion for jury trial and thereafter, on October 17, 2012, "File transferred to Elkhart City Court for Jury Trial." Appellant's Appendix at 15-16. See Elkhart County Rules of Court, LR20-AR00-NAFC-2(C)(7) ("All . . . city courts [other than Elkhart City Court] receiving requests for jury trial shall be transferred to Elkhart Circuit Court for assignment to an appropriate court or magistrate."). Under these circumstances, we do not believe Daniels was required to reassert his wish for a jury trial by filing a separate demand in Circuit Court.

4

However, Daniels's case was set for bench trial when it was transferred. Daniels personally appeared at several status conferences in Circuit Court, was present in court when the cause was set for bench trial on May 14, 2013 and acknowledged the date, was again present in court when the cause was reset for bench trial on August 6, 2013 and acknowledged the date, and was present in court on August 6, 2013 when his trial began before the judge alone. At no time after the case was transferred did Daniels, personally or by counsel, point out that he had requested a jury trial instead of a bench trial. On this record, despite his earlier assertion, we hold that Daniels made a knowing, voluntary, intelligent, and personal waiver of his right to be tried by a jury when he remained silent during the proceedings leading up to and including his bench trial.

## Conclusion

The trial court did not err in trying Daniels to the bench when he did nothing to protect his earlier-asserted right to a jury trial. Daniels's conviction is affirmed.

Affirmed.

RILEY, J., and BRADFORD, J., concur.